ELLIS, Judge.
This is an action in tort brought by the plaintiff, Herbert Toussaint, Jr., for the recovery of damages for personal injuries, suffering, medical bills and other losses allegedly received as a result of an accident which occurred on August 8, 1957, during plaintiff’s employ as a cement finisher by the firm of Cudd & Burpo in the construction of a private road which it was building for Dow Chemical Company on the latter’s property north of the Town of Plaquemine in the Parish of Iberville.
The plaintiff alleged that on the date set forth he received serious and painful injuries to his low back, contusion of the back, and left paravertebral muscle spasm, fracture of the eleventh rib, pain and suffering and total disability for a limited period and thereafter partial permanent disability, when he was struck in the back by the chute, which is the unloading trough, of one of the trucks of the defendant, Dolese Concrete Company, which was delivering concrete mix,on the job on the date of the accident; that the accident, injuries and losses suffered by the plaintiff were caused directly by the negligence of the driver of the defendant Dolese Ready Mix Concrete Company truck, in permitting the chute or trough on this truck to get out of control; permitting the chute to suddenly swing from a high position out of control without warning plaintiff; failing to keep the trough under control because of the failure to properly use the control levers; failure of the driver of the said truck, “an experienced operator, to foresee his action and realize it would cause the chute to get out of control”; failure to keep a proper lookout in the operation of the chute or trough; permitting the chute to get out of control since by proper operation thereof he could have kept same under control; failing to operate the truck chute in a reasonable and careful or prudent manner.
An intervention was filed by Liberty Mutual Insurance Company, the compensation insurer of Cudd & Burpo, contractors, and the employer of the plaintiff, for the amount of compensation and medical expenses paid to the latter which by stipulation amounted to $35 per week from August 8, 1957 to February 4, 1959 or a total of $2,730, plus medical expenses in the sum of $704.55, plus $1,000 paid on January 28, 1960 pursuant to a court approved compromise settlement, or a total of $4,434.55.
The defendant, Dolese Concrete Company, and its insurer, Employers Casualty Company, denied each material allegation of the plaintiff’s petition, other than the insurance coverage, and specifically alleged that the first notice either of them had that any such claim was being asserted “was when the present suit was filed.” Defendants alternatively allege that if any employee of Dolese Concrete Company was involved in an accident on or about August 8, 1957, while operating a truck for Dolese Concrete Company, the accident was not due to any fault or negligence whatsoever on the part of Dolese Concrete Company or any employee of Dolese Concrete Company, and neither of the defendants had any responsibility for any such accident; and, in the further alternative, and only in the event of an accident as alleged, involving any employee of the Dolese Concrete Company and plaintiff, and, further, in the event it should be found that either of the defendants or both could be held responsible, then the defendants plead contributory negligence of the plaintiff setting forth in detail the negligent acts of the plaintiff allegedly causing and contributing to the accident. Practically the same answer was also filed to the petition of intervention.
The provisions of the discovery act were freely used in securing all possible information by the litigants prior to trial as well as the taking of depositions, which have been filed in the record.
Plaintiff by way of supplemental petition and order and upon furnishing bond in the sum of $1,000, asked for and obtained a trial by jury, which, after trial, resulted in a verdict and judgment “for the defend *62 ants” dismissing the plaintiff’s suit at his costs. Counsel for plaintiff filed a written motion for a new trial based mainly upon information contained in two affidavits given by two coemployees, who had not testified at the trial. After due and full consideration of a motion for a new trial, the District Judge with oral reasons dictated into the record, found that the information contained in these records, if testified to, would present nothing new and would be only cumulative and, therefore, denied the motion for a new trial, whereupon plaintiff appealed to this court.
Because of the peculiar turn which the plaintiff’s proof took in this case, it is well to bear in mind that the defendants denied the alleged accident and all material allegations and plead their defenses alternatively, which squarely placed the burden of proof for the alleged accident in all necessary details and aspects upon the plaintiff. It is also well to bear in mind that the defendants alternatively plead that the only accident they knew anything about was one occurring on or about the date alleged by the plaintiff at the Dow Chemical Company while one of the drivers, Leo Gill, was delivering the concrete mix in building a street within the plant, and one of the workers was struck by a chute falling on this truck.
On the trial of the case, plaintiff called under cross-examination as its first witness Leo Gill, who testified that he was employed by the defendant as a truck driver of a Mack truck No. 26, and had delivered a load of concrete mix to Dow Chemical Company plant and after he had completed unloading the concrete through the chute attached to the rear of the mixer on the truck that one of the laborers of Cudd and Burpo attempted to load the third chute presumably to secure it in some manner to the truck, and did not succeed and it fell and hit him. Counsel for plaintiff had the witness to testify as to which entrance he used to the plant, just where the concrete was poured, viz., that he had entered the plant from the concrete road although there was also a river road where one could enter a part of the plant, and that the concrete was poured just off this concrete road in the plant. Although this witness stated that Herbert Toussaint, Jr., was the one who handled the chute all the time, counsel for plaintiff immediately cross-examined Gill and showed that he did not even know the name of the party who handled the chute but had gotten it either from the name on the subpoena or from counsel and also showed by this witness that he really did not even know Toussaint. Plaintiff further proved by Gill that the accident which he was involved in occurred at about 1:30 P.M.
After Leo Gill completed his testimony under cross-examination, plaintiff then proceeded with his proof. He proved by a preponderance of the evidence elicited from coemployees that the truck which was involved in the accident to plaintiff, entered the plant from the river road whereas it is undisputed that Gill’s truck came in from the concrete road; that the driver of this truck was a Negro and there was no doubt about it whereas there is no testimony to show that there was any Negro or other person accompanying Leo Gill at the time of his delivery; that the accident in which the plaintiff was injured occurred at approximately 10:30 or 11:00 A.M., whereas the Leo Gill accident stands in the record as proven to have occurred at about 1:30 P.M.; that the accident in which the plaintiff was injured occurred at an entirely different place in the plant from that which Leo Gill testified his accident happened. In addition, plaintiff proved that the accident in which Toussaint was injured had happened because the truck was sitting with one side higher than the opposite and too much concrete had been poured for the finishers to handle and the driver had been instructed to stop the flow of concrete which he did, and afterwards pushed the chute, when asked by Toussaint to do so, to the high side of the truck, and when the motor on the mixer was again started the vibration caused the chute by gravity to *63 swing back to the low side of the track and in doing so struck Toussaint in the left side of his back. There was a complete denial by the coemployees who testified in this case on behalf of the plaintiff that he had ever touched this chute. The above facts, briefly stated, were emphasized and reemphasized by plaintiff's witnesses. The plaintiff did testify that the driver of the truck involved in the accident was a Negro and employed by Dolese Concrete Company and that he knew the truck belonged to the latter because it had “Dolese’s name on it” and that it was a red and yellow color. Plaintiff also testified that no company besides Dolese furnished concrete for the road job he was working on at the time of his accident.
The defendant proved by complete oral and documentary evidence that the concrete delivered to the Dow Plant on October 8, 1957 was in trucks driven by white drivers; that they did employ Negro drivers, but they were all at the Baton Rouge plant and no deliveries had been made from that plant on that day. Counsel for the plaintiff admitted in open court that the oral testimony was fully substantiated or verified by the documentary proof submitted to him personally by the defendant concrete company, also the names of all the drivers at the plant in Plaquemine were furnished under the discovery act before the trial and during the trial.
Thus, on the trial of the case the plaintiff by its own proof eliminated completely the accident which Leo Gill described as having occurred when the third chute on his concrete mixer fell on an employee of Cudd & Burpo at the completion of the delivery of a load of concrete, as being the accident alleged by plaintiff or the one in which he allegedly sustained his injuries. The jury could do nothing other than bring in a verdict for the defendants under a preponderance of the testimony. It was forbidden from entering into the field of speculation.
We agree with the trial judge and believe that the motion for a new trial was properly denied and that the facts set up in the affidavits from two coemployees upon which the plaintiff depended for a new trial would have presented no new evidence. Had the facts set up in those two affidavits been proven on the trial and presented to the jury for its consideration, they would have only been cumulative.
Counsel for plaintiff filed in this court a motion to remand on the ground that he had been able to locate an important eyewitness to the plaintiff’s injuries, viz., Shelby Gene Moses, who was discharged from the Military Service, August 1959; that this witness was in the Military Service and stationed at Camp Chaffee, Arkansas, on February 9 and 10, 1959, and thereafter on February 14, 1959 was transferred to Ft. McClelland, Alabama. Counsel annexed to this application an affidavit from Moses dated February 15, 1960, in which he pinpoints the truck of Dolese Concrete Company and identified positively on the trial of the case, as the one being driven on the day of the accident by Leo Gill, it being the one involved in the accident to the plaintiff, but that on the day of the accident if Leo Gill was not driving this truck, which he identified, that injured the plaintiff, it would only be “because he had permitted one of the colored drivers to drive said truck from Dolese plant after it had been signed out to Leo Gill as the driver.” Were the case remanded, it would be necessary for all of plaintiff’s other witnesses to change their testimony unless the plaintiff could come up with proof that Leo Gill had actually allowed a Negro to drive his truck after he had signed out, and no such evidence has been offered as being discovered since the trial in this affidavit, nor is it alleged that plaintiff could prove such a fact. Taking the facts alleged in the affidavit and adding them to the proof heretofore discussed in this record would not justify the granting of a remand just for that purpose. The same verdict by the jury *64 and judgment of the court with the newly added evidence would'not he manifestly or obviously erroneous.
In addition, plaintiff propounded interrogatories to the defendants which were answered. The defendants informed the plaintiff that Shelby Gene Moses might be a possible witness to the accident or know some fact pertinent to the case, that although his address was unknown he was, in fact, formerly employed by Cudd & Burpo. Furthermore, when plaintiff filed his application for a new trial the defendants propounded certain interrogatories, among which the former was required to state the identity, location and address of all persons having knowledge or information relative to the determination of the issues presented in his application for a new trial and to this interrogatory plaintiff listed Shelby Gene Moses and gave as the address of that witness his then current address of Camp Chaffee, Arkansas. It would appear that plaintiff, at that time, knew about this witness and had located his address. Plaintiff has not been hurried in the trial of this case. He was given every opportunity to propound the interrogatories and obtain answers thereto, take depositions of witnesses, and participate in a three day trial which necessitated approximately 500 pages of oral testimony before a jury which he chose to try his case. While we realize that the plaintiff undoubtedly was involved in an accident, nothing of sufficient import in the nature of newly discovered evidence from an unknown witness subsequent to the trial has been presented to this court that would justify remanding this case and subjecting these defendants to a new and lengthy trial in a second effort by the plaintiff to prove the allegations of his petition. It appears that the plaintiff has had a long and full day in court before a fair and impartial jury and judge and the facts as set forth in the affidavit by the proposed witness Moses, if considered in connection with all of the proven facts in this record, would not necessarily justify the verdict and judgment for the plaintiff. The motion to remand is denied.
For the above and foregoing reasons the verdict of the jury and the judgment of the district court is hereby affirmed.
Affirmed.
LANDRY, J., not participating.